UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

─────────────────────────────────────────────

ROBERT D. CHAIRSE,

          Plaintiff,

          v.                                        Case No. 24-cv-1315-bhl

CITY OF MILWAUKEE, et al.,

          Defendants.

─────────────────────────────────────────────

## SCREENING ORDER

─────────────────────────────────────────────

Plaintiff Robert D. Chairse, who is currently serving a state prison sentence at the Milwaukee Secure Detention Facility and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. This matter comes before the Court on Chairse's motion for leave to proceed without prepayment of the filing fee and to screen the complaint.

### MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE

Chairse requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. §1915(b)(1). On November 14, 2024, the Court waived the initial partial filing fee because Chairse's six-month certified trust account statement showed that he had no assets and no means by which to pay. Dkt. No. 7. The Court gave Chairse until December 15, 2024 to voluntarily dismiss this case to avoid the possibility of incurring a strike under §1915(g). *Id*. The Court notified Chairse that, upon expiration of the specified time, the Court would grant his motion for leave to proceed without prepayment of the filing fee and screen the complaint. *Id*. The deadline has passed and Chairse did not voluntarily dismiss this

case. Therefore, the Court will grant his motion for leave to proceed without prepayment of the filing fee and will screen the complaint below.

SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, and dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content

that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

On October 16, 2024, Chairse filed a complaint naming the "City of Milwaukee" and the "Division of Community Corrections" as defendants. Dkt. No. 1. The complaint alleges, "Division of Community Corrections held me unlawfully May 31, 2024 through June 26, 2024 at the Milwaukee Secure Detention Facility." *Id*. at 2. Chairse includes some mathematical calculations showing that he was allegedly incarcerated for 27 days past the termination of his sentence. *Id*. at 4. But he provides no details about who was involved in conducting the mathematical calculations; whether that person(s) was notified that the calculations were incorrect; or what that person(s) said or did in response to the information that the calculations were incorrect. *See id.*

"To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that he or she was deprived of a right secured by the Constitution or the laws of the United States, and that this deprivation occurred at the hands of a person or persons acting under the color of state law." *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The Division of Community Corrections is not a "person" who can be sued within the meaning of §1983. *See Johnson v. Supreme Court of Ill.*, 165 F.3d 1140, 1141 (7th Cir. 1999) ("[S]tates and their agencies are not 'persons' subject to suit under 42 U.S.C. § 1983."). And Chairse alleges no facts about the City of Milwaukee or how that municipality's polices or customs are related to this case. *See Monell v. Dep't of Social Serv's of City of New York*, 436 U.S. 658 (1978) (holding that a plaintiff may state a §1983 claim against a municipality if that municipality's "polices or customs" deprived him of his constitutional rights.)

3

Chairse therefore fails to state a claim upon which relief can be granted and the Court will dismiss the original complaint.

The dismissal is not final, however. As a general matter, *pro se* plaintiffs are allowed at least one chance to amend an inadequately pleaded complaint. *See Boyd v. Bellin*, 835 F. App'x 886, 889 (7th Cir. 2021). The Court will therefore give Chairse an opportunity to file an amended complaint to cure the deficiencies described above. The Court will enclose a guide for *pro se* prisoners that explains how to file an amended complaint that the Court can effectively screen. The Court also will include a blank prisoner amended complaint form. The Court will require Chairse to use that form to file his amended complaint. *See* Civ. L. R. 9 (E.D. Wis.). Chairse is advised that the amended complaint must bear the docket number assigned to this case. The amended complaint replaces the prior complaint and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056–57 (7th Cir. 1998). In *Duda*, the appellate court emphasized that in such instances, the "prior pleading is in effect withdrawn as to all matters not restated in the amended pleading." *Id.* at 1057 (citation omitted). If Chairse files an amended complaint, the Court will screen it as required by 28 U.S.C. §1915A. If Chairse does not file an amended complaint, the Court will likely dismiss this case.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Chairse' motion for leave to proceed without prepayment of the filing fee (Dkt. No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that the original complaint is **DISMISSED** because it fails to state a claim. Chairse may file an amended complaint that complies with the instructions in this order **within 30 days of this order**. If Chairse files an amended complaint by the deadline, the

Court will screen it as required by 28 U.S.C. §1915A.  If Chairse does not file an amended complaint by the deadline, the Court will likely dismiss this case.

**IT IS FURTHER ORDERED** that the Clerk's Office mail Chairse a blank prisoner amended complaint form and a copy of the guide entitled "Guide to Filing Prisoner Complaints Without a Lawyer in the United States District Court for the Eastern District of Wisconsin," along with this order.

**IT IS FURTHER ORDERED** that the agency having custody of Chairse shall collect from his institution trust account the **$350.00** balance of the filing fee by collecting monthly payments from Chairse's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2).  The payments shall be clearly identified by the case name and number assigned to this action.  If Chairse is transferred to another institution, the transferring institution shall forward a copy of this Order along with Chairse remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where Chairse is located.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court.  The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.  Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the Court to the following address:

Office of the Clerk
United States District Court
Eastern District of Wisconsin
362 United States Courthouse
517 E. Wisconsin Avenue
Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Chairse is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin on February 10, 2025.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge